IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Criminal Number:  7:16-CR-008-O-BP-1 |
| | § | |
| VANCE MARTIN SATTLER | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The undersigned submits these Findings, Conclusions, and Recommendation to U.S. District Judge Reed O'Connor pursuant to 28 U.S.C. § 636(b) and the Order of Reference dated February 28, 2017. ECF No. 17. The Court conducted a hearing on March 6, 2017, and heard arguments from all of the parties and evidence with regard to the Petition for Offender Under Supervision filed against **VANCE MARTIN SATTLER** (the "Defendant").

**I.    PROCEDURAL BACKGROUND**

**A.    Original Conviction**

On September 5, 2012, U.S. District Judge Thad Heartfield of the Eastern District of Texas sentenced the Defendant to 22 months imprisonment, followed by a term of two years of supervised release, following the Defendant's plea of guilty to a one count indictment charging him with Receipt and Possession of a Stolen Firearm in violation of 18 U.S.C. § 922(j). Document No. 160 in Case 1:11-cr-0011-TH ("E.D. Tex. Case").

On September 21, 2015, Judge Heartfield revoked the Defendant's supervision for violating a standard condition of supervised release by failing to report to the probation officer as directed by the Court or probation officer, and submitting a truthful and complete written report within the first five days of each month. Document No. 193, E.D. Tex. Case. Judge Heartfield

sentenced Defendant to five months imprisonment and two years of supervised release. *Id.* Supervision of the defendant commenced on January 19, 2016. ECF No. 1.

On March 28, 2016, jurisdiction was transferred from the Eastern District of Texas to the Northern District of Texas by an Order Transferring Jurisdiction signed by Judge O'Connor accepting jurisdiction. *Id.*

### B.      Current Revocation Proceedings

#### 1.      Procedural History

On November 21, 2016, the United States Probation and Pretrial Services Office prepared a Petition for Offender Under Supervision, requesting that Judge O'Connor issue a violator's warrant for Defendant's arrest after he violated the conditions of supervised release discussed below. ECF No. 4. Judge O'Connor ordered the issuance of a warrant on November 30, 2016. *Id.*

Defendant appeared before the undersigned on January 24, 2017 for an initial appearance. ECF No. 10. At that same hearing, Defendant executed a written waiver of preliminary hearing. *Id.* On January 30, 2017, the undersigned conducted a detention hearing (ECF No. 15) and entered an Order of Detention (ECF No. 16).

#### 2.      Violation Allegations

As indicated above, a violator's warrant was issued and Defendant was arrested for allegedly violating terms of his supervised release. The Petition for Offender Under Supervision dated November 21, 2016 described the alleged violations as follows:

**Violation of Mandatory Condition**

The defendant shall not commit another federal, state, or local crime.

**Violation of Mandatory Condition**

The defendant shall not unlawfully possess a controlled substance.

2

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

**Nature of Noncompliance**

Vance Martin Sattler violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about January 2016. On January 22, 2016, Mr. Sattler submitted a urine specimen to U.S. Probation Officer (USPO) Mark McCloskey at the U.S. Probation Office in Wichita Falls, Texas, that tested positive for methamphetamine. On February 2, 2016, Mr. Sattler admitted verbally to USPO McCloskey that he used methamphetamine one or two days prior to submitting the urine specimen on January 22, 2016. Mr. Sattler violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about February 2016. On February 3, 2016, Mr. Sattler submitted a urine specimen to USPO Cal Kirk at the U.S. Probation Office in Wichita Falls, Texas, that tested positive for methamphetamine. On February 19, 2016, Mr. Sattler admitted verbally to USPO McCloskey that he used methamphetamine on January 31, 2016. He further admitted on February 19, 2016, to USPO McCloskey in writing that he used methamphetamine again on February 16, 2016. Mr. Sattler violated these conditions of supervised release by using and possession methamphetamine, an illegal controlled substance, in or about March 2016. On March 4, 2016, Mr. Sattler submitted a urine specimen to USPO McCloskey at the U.S. Probation Office in Wichita Falls, Texas, that tested positive for methamphetamine. On March 4, 2016, Mr. Sattler admitted verbally to USPO McCloskey that he used methamphetamine on or about March 2, 2016.

**Violation of Special Condition**

The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

**Nature of Noncompliance**

Mr. Sattler violated this condition of supervised release by failing to submit random urine specimens at Taft Counseling in Wichita Falls, Texas, on September 17 and 26, and October 21, 22, and 27, 2016.

**Violation of Standard Condition No. 6**

The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.

**Nature of Noncompliance**

Mr. Sattler violated this condition of supervised release by failing to notify his probation officer of his change of residence. On October 12, 2016, a home visit was attempted at Mr. Sattler's last known residence and no contact was made. A business card was left at the front door. Further, on October 17, 2016, letters were mailed to Mr. Sattler's last known addresses instructing that he, or anyone who received the letter, contact USPO McCloskey. USPO McCloskey had received no phone calls and Mr. Sattler's current whereabouts were unknown at the time of the filing of the Petition for Offender Under Supervision.

### 3.    Revocation Hearing

A Final Revocation Hearing was held on March 6, 2017, before the undersigned. Defendant appeared in person and with his court-appointed counsel, Robert Rafuse, Esq. The United States appeared through Assistant United States Attorney Mary Walters. The proceedings were reported by Mr. Sean McRoberts and were electronically recorded.

Upon call of the matter, Defendant was placed under oath. The undersigned directed Defendant to the allegations contained in the Petition for Offender Under Supervision and read the allegations of violation to the Defendant, after which Defendant indicated that he understood the allegations. The undersigned then explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the sentencing options available to the Court. Defendant acknowledged his understanding and entered a plea of true to the allegations contained in Section I.B(2) above, specifically the Mandatory Conditions that Defendant not commit another federal, state, or local crime and not unlawfully possess a controlled substance; the Special Condition that Defendant participate in a program of testing and treatment for drug and alcohol abuse, under the guidance and direction of the U.S. Probation Office, until such time as the Defendant is released from the program by the probation officer; and Standard Conditions Nos. 6 and 7.

Defendant consented orally and in writing to allocution before the magistrate judge. ECF No. 19.

Defendant's counsel stated that Defendant's violations stemmed from longstanding substance abuse and addiction and requested a sentence on the lower end of the sentencing guideline recommended range. Counsel read an email from Defendant's former wife who suggested that she would be willing to assist Defendant with housing upon his release from custody if he remained drug-free, and she urged him to take responsibility for his criminal behavior and addiction and be a part of his son's life. Counsel suggested that Defendant had serious medical issues that were not being addressed and requested that Defendant serve a sentence in a Bureau of Prison facility that provides assessment and treatment of his medical conditions. He specifically requested assignment to the Federal Medical Center – Fort Worth.

In response to questions from his counsel, Defendant admitted to his criminal conduct and stated that he was a long-time drug addict. He also stated that he had serious and potentially life-threatening liver and blood conditions that were not currently being treated during his current confinement. He requested leniency in his sentence, apologized for causing trouble to the Court and to others, and promised to seek additional treatment for his medical conditions and his drug addiction upon release. He said that he would be able to get work after he was released.

The attorney for the government declined to ask the Defendant any questions.

## II.  FINDINGS OF THE COURT

A.  The Defendant pleaded true to the allegations that he violated conditions of his supervised release as contained in the U.S. Probation Office's Petition for Offender Under Supervision, and set forth in Section I.B(2) above, specifically: the Mandatory Conditions that Defendant not commit another federal, state, or local crime and not unlawfully possess a controlled substance; the Special Condition that Defendant participate in a program of testing and treatment for drug and alcohol abuse, under the guidance and direction of the U.S. Probation Office, until such

          time as the Defendant is released from the program by the probation officer; and Standard Conditions Nos. 6 and 7;

B.     The Defendant was competent to make the decision to plead true to the allegations;

C.     The Defendant had both a factual and rational understanding of the proceedings against him;

D.     The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea;

E.     The Defendant was sane and mentally competent to participate in these proceedings and to assist his attorney in the preparation and conduct of his defense;

F.     The Defendant received a copy of the U.S. Probation Office's Petition for Offender Under Supervision, either read or had it read to him, had adequate opportunity to discuss the charges against him with his attorney, and ultimately understood the charges alleged against him;

G.     A preliminary revocation hearing was not held based upon the waiver of Defendant to contest probable cause as to the alleged violations. An Order of Detention Pending Final Revocation was subsequently entered by the magistrate judge;

H.     At the final revocation hearing, Defendant understood all of his statutory and constitutional rights, yet freely, intelligently, and voluntarily waived those rights and pleaded true to the allegations listed in subsection I.B(2) above; and

I.     The Defendant violated conditions of his supervised release.

## III.   SENTENCING

### A.   FACTORS

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See* § 3583(c). The sentencing court is to consider:

    1.     The nature and circumstance of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the defendant, *see* 18 U.S.C. § 3553(a)(2)(C); and to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D)[1];

3. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines pursuant to section 994(a)(3) of title 28, United States Code, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission, *see* 18 U.S.C. § 3553(a)(4)(B);

4. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6); and

5. The need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7).

The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a) as applied to this defendant.

**B.    STATUTORY AND GUIDELINE PROVISIONS**

The classification of Defendant's underlying criminal offense results in a two-year statutory maximum term of incarceration upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a), p.s., suggests a revocation range of five to eleven months imprisonment, based upon Defendant's criminal history category of III and the admitted Grade C violations. Revocation of supervised release and a term of imprisonment not to exceed the maximum provided in 18 U.S.C. § 3583(e)(3) is mandatory, given Defendant's

---

[1] Pursuant to *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. Further, the sentencing court may not impose or lengthen a prison term in order to foster a defendant's rehabilitation. *Tapia v. United States*, 564 U.S. 319 (2011).

admitted violations of using and possessing a controlled substance and refusing to comply with drug testing. *See* 18 U.S.C. §§ 3583(g)(1) and (3).[2]

Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. The maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h); *see also United States v. Jackson*, 559 F.3d 368 (5th Cir. 2009). Accordingly, Defendant is subject to a term of supervised release up to three years, less any term of imprisonment imposed upon revocation of his current supervised release.

## IV. ANALYSIS AND RECOMMENDATION

Defendant's current term of supervised release began on January 19, 2016. On January 22, Defendant submitted a urine specimen to his U.S. Probation Officer in Wichita Falls, Texas, which tested positive for methamphetamine. The Defendant admitted to the officer that he had used methamphetamine one or two days before January 22, which was almost immediately after he was released from prison and began his supervised release. The Defendant submitted other urine specimens in February and March 2016 that tested positive for methamphetamine, and he admitted use of that narcotic drug during those time periods to his probation officer. Although the Defendant was required to participate in a program of testing and treatment for drug and alcohol abuse, he failed to submit random urine specimens on five separate occasions in September and October

---

[2] *See*, however, the exception contained in § 3583(d): "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(d). Although Defendant failed drug tests, he is also charged with, and admitted to, using and possessing a controlled substance and refusing to comply with drug testing.

2016. Finally, the Defendant failed to notify his probation officer of his change of address in October 2016, which resulted in his not being supervised in compliance with the terms of his supervised release from sometime in October 2016 until he was arrested under the warrant ordered by Judge O'Connor and issued on November 30, 2016.

As mentioned above, Judge Heartfield in the Eastern District of Texas imposed on the Defendant a 24-month term of supervised release following the completion of his initial 22-month prison sentence. Judge Heartfield subsequently revoked that term of supervised release, imposed a five-month prison sentence for violating supervised release conditions, and reimposed 24 months of additional supervised release. The Defendant began using methamphetamine shortly after his release from prison in January 2016 following the completion of his five-month prison term. He continued to use that drug on numerous occasions thereafter. He failed to notify his probation officer of his current residence so that he could be adequately supervised. It is apparent that the Defendant did not reintegrate into society and adhere to a crime-free life following the commencement of his current term of supervised release. This occurred despite the Defendant's serious medical conditions, which he described to the Court during his allocution at the Final Revocation Hearing on March 6, 2017. Under these circumstances, an additional term of imprisonment at the upper end of the sentencing guideline policy statements would be in order. Additionally, given these facts, it does not seem that the Defendant would benefit from an additional term of supervised release following the completion of that sentence.

## V. CONCLUSION

Upon consideration of the foregoing, the undersigned **RECOMMENDS**:

A.  that Defendant **be found to have violated** the conditions of his supervised release as set forth in Section I.B(2) above, specifically: the Mandatory Conditions that Defendant not commit another federal, state, or local crime and not unlawfully possess a controlled substance; the Special Condition that Defendant participate in

      a program of testing and treatment for drug and alcohol abuse, under the guidance and direction of the U.S. Probation Office, until such time as the Defendant is released from the program by the probation officer; and Standard Conditions Nos. 6 and 7;

B.     that his supervised release **be REVOKED**;

C.     that he be **SENTENCED to the custody of the Attorney General for a period of eleven (11) months** with a recommendation that he be designated to FMC-Fort Worth, if possible, or to another facility that can provide assessment and treatment of his serious liver and blood disorders and other medical conditions; and

D.     that **no supervised release be reimposed** following the completion of that sentence.

### NOTICE OF OPPORTUNITY TO FILE OBJECTIONS TO FINDINGS, CONCLUSIONS, AND RECOMMENDATION

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed March 9, 2017.

*[signature: Hal R. Ray, Jr.]*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE